UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08654-SVW-RAO | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Steven A. Schuman v. Citibank N.A. et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

Paul M. Cruz                                                          N/A

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

N/A                                                                    N/A

Proceedings: ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES [15]

Before the Court is Plaintiff Steven A. Schuman's motion to remand and his accompanying request for attorneys' fees. For the reasons below, the motion to remand is GRANTED and the request for fees is DENIED.

## I. Factual and Procedural Background

### A. Procedural History

Plaintiff Steven A. Schuman ("Plaintiff") filed this action in the Superior Court of the State of California for the County of Los Angeles on August 7, 2023. Compl., ECF No. 1-2. Defendants Citibank, N.A. and Jesse Tyre-Karp (collectively, "Defendants") removed this action to this federal court on October 13, 2023. ECF No. 1. On October 20, 2023, Defendants filed a motion to dismiss Plaintiff's complaint. ECF No. 10. On November 7, 2023, Plaintiff filed a motion to remand this action back to state court. ECF No. 15. On November 16, 2023, the Court deferred ruling on Defendants' motion to dismiss until it had ruled on Plaintiff's motion to remand. ECF No. 17.

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08654-SVW-RAO | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Steven A. Schuman v. Citibank N.A. et al.* | | |

### B. Factual Background

Plaintiff alleges that he is the owner of a single-family residence commonly known as 1500 North Beverly Drive, Beverly Hills, California 90210 (the "Beverly Hills Property"). Notice of Removal, Ex. 2 (Compl.) ¶ 1, ECF No. 1-2. Defendant Citibank, N.A. ("Citibank") is a New York corporation doing business in, *inter alia*, Los Angeles, California. *Id.* ¶ 2. Defendant Jesse Nathan Tyre-Karp ("Tyre-Karp") is an employee of Citibank residing in Los Angeles, California. *Id.* ¶¶ 3–4. Plaintiff alleges that Tyre-Karp is a home loan officer for Citibank. *Id.* ¶ 4.

Plaintiff alleges that on March 15, 2022, he entered into escrow to purchase a new home located at 691 Sheehy Road, Nipomo, California (the "Sheehy Road Property"). *Id.* ¶ 6. Plaintiff approached a loan broker named Brian Guth ("Guth") seeking a purchase money loan of $2,200,000.00. *Id.* Guth referred Plaintiff to Tyre-Karp. *Id.* ¶ 7. On March 16, 2022, Plaintiff contacted Tyre-Karp. *Id.* ¶ 8. Tyre-Karp agreed to help Plaintiff obtain the loan he sought to purchase the Sheehy Road Property as well as a loan to refinance the Beverly Hills Property. *Id.* ¶¶ 7–8. Eventually, Plaintiff declined to purchase the Sheehy Road Property, but continued looking for other homes to buy in the Central Coast of California. *Id.* ¶ 9. However, Plaintiff indicated that he was still interested in refinancing the Beverly Hills Property. *Id.* ¶¶ 9–10. Plaintiff's rationale was that he wanted to secure a lower interest rate and to obtain some immediate cash with which he could make repairs to the Beverly Hills Property or use to purchase a new home. *Id.* ¶¶ 11–12.

On April 20, 2022, Citibank issued Plaintiff a conditional loan approval. *Id.* ¶ 13; *see also* Notice of Removal, Ex. 2 (Compl. with Exhibits), Ex. 3 (Conditional Loan Approval), ECF No. 1-3. That approval contained the following language: "We are pleased to advice you that an underwriter has reviewed your loan application, and your mortgage loan has been conditionally approved. Congratulations on receiving your mortgage loan commitment! You will receive final loan approval once the conditions listed on the enclosed **Borrower's Checklist** have been met, provided you maintain your continued credit worthiness, and can provide acceptable collateral for the mortgage loan." Notice of Removal, Ex. 2 (Compl. with Exhibits), Ex. 3 (Conditional Loan Approval), ECF No 1-3.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08654-SVW-RAO | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Steven A. Schuman v. Citibank N.A. et al.* | | |

To secure the conditionally approved loan, Plaintiff allegedly deposited over $500,000.00 into two Citibank accounts paying "nominal interest." Notice of Removal, Ex. 2 (Compl.) ¶ 16, ECF No. 1-2. On May 4, 2022, Tyre-Karp wrote Plaintiff an email which read as follows: "Final loan approval is done. Congrats!" *Id.* ¶ 17; *see also* Notice of Removal, Ex. 2 (Compl. with Exhibits), Ex. 4 (May 4, 2022, email from Tyre-Karp to Plaintiff), ECF No 1-3. On May 5, 2022, Citibank issued Plaintiff a refinance mortgage loan commitment. Notice of Removal, Ex. 2 (Compl.) ¶ 18, ECF No. 1-2. Citibank sent Plaintiff a closing disclosure the next day. *Id.* ¶ 19.

Plaintiff was unhappy with the terms proposed by Citibank and refused to close. *Id.* ¶ 20–23. Plaintiff alleges that his loan was resubmitted to underwriting to reconsider the proposed terms. *Id.* ¶ 23. Plaintiff further alleges that on May 18, 2022, he received an email from Tyre-Karp stating that, because Plaintiff intended to purchase a new home and would no longer be keeping the Beverly Hills Property as his primary residence, the loans and services available to Plaintiff may change. *Id.* ¶ 24. Eventually, Citibank backed out of the Mortgage Loan Commitment. *Id.* ¶ 29. Citibank listed four reasons for declining to offer Plaintiff his requested loan: he requested excessive cash back from loan proceeds or he requested to finance costs which may not be paid from loan proceeds, he had insufficient income for his total obligations, his ownership or number of financed properties exceeded the maximum allowed, and Citibank was unable to verify residency or occupancy. Notice of Removal, Ex. 2 (Compl. with Exhibits), Ex. 8 (Statement of credit denial, termination, or change), ECF No 1-3.

Plaintiff alleges that Tyre-Karp and Citibank had known from the beginning that he had intended to purchase a new home. Notice of Removal, Ex. 2 (Compl.) ¶ 18, ECF No. 1-2. He alleges that Citibank used this information as a pretext to back out of the loan agreement due to macroeconomic changes in interest rates. *Id.* ¶ 35–36. Plaintiff is suing for breach of contract, professional negligence, and promissory estoppel. *Id.* ¶ 30–50.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08654-SVW-RAO | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Steven A. Schuman v. Citibank N.A. et al.* | | |

## II. Legal Standards

### A. Right to Removal and Complete Diversity

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between "[c]itizens of different states." 28 U.S.C. § 1332(a), (a)(1). This form of jurisdiction is known as diversity jurisdiction. "Diversity jurisdiction requires complete diversity between the parties--each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). That burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

### B. Sham Defendant

"It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). Establishing fraudulent joinder via option two (plaintiff's inability to establish a cause of action against the non-diverse party in state court) requires a defendant to show that the alleged sham

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08654-SVW-RAO | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Steven A. Schuman v. Citibank N.A. et al.* | | |

defendant cannot be found liable on any theory. *Id.* (citing *Ritchey*, 139 F.3d at 1318). If there is a possibility that a state court might find liability against the alleged sham defendant, a district court must remand the suit. *Id.* (citing *Hunter*, 582 F.3d at 1046). A defendant's burden here is heavy; there is a general presumption against finding fraudulent joinder. *Id.* (citing *Hunter*, 582 F.3d at 1046). Importantly, this standard is not identical to the Rule 12(b)(6) plausibility standard for a motion to dismiss. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* at 549. Put another way, "that a court would grant a motion to dismiss the claim is insufficient to establish fraudulent joinder." *Ramirez v. Quad Graphics, Inc.*, No. EDCV 23-62 JGB (KKx), 2023 U.S. Dist. LEXIS 79137, 2023 WL 3254979, at *10 (C.D. Cal. May 4, 2023).

Plaintiff's failure to state a claim against the alleged sham defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 761 (9th Cir. 2002). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "A court may look beyond the pleadings to determine if a defendant is fraudulently joined . . . ." *Id.* at 1170.

### III. Discussion

#### A. Defendant Tyre-Karp Could Possibly Be Found Liable and is Therefore Not a Sham Defendant

Plaintiff offers two theories of his complaint: that either Citibank is presenting a false narrative about why Plaintiff's loan application was denied or that Tyre-Karp failed to pass along known information to Citibank. Pl.'s Reply in Supp. of Mot. to Remand 3, ECF No. 20. The latter allegation forms the basis of Plaintiff's professional negligence claim against Tyre-Karp.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08654-SVW-RAO | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Steven A. Schuman v. Citibank N.A. et al.* | | |

"California law expressly provides that an agent may be held individually liable for tortious conduct, regardless of whether that conduct occurs within the scope of employment." *Celestino v. JP Morgan Chase Bank, N.A.*, No. 22-cv-04723-JST, 2023 U.S. Dist. LEXIS 93031, 2023 WL 3607285, at *4 (N.D. Cal. Mar. 31, 2023) (citing Cal. Civ. Code § 2343; *Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 692-93, 236 Cal. Rptr. 3d 157 (2018)).

Plaintiff cites two cases supporting the above position. First, Plaintiff cites *West v. Costco Wholesale Corp.*, No. CV20-04265 JAK (FFMx), 2020 U.S. Dist. LEXIS 223388, 2020 WL 7023777 (C.D. Cal. Nov. 30, 2020). *West* was a slip-and-fall case in which a plaintiff had sued both Costco and the manager of the store in which the incident took place. The court found remand appropriate because it was possible that the plaintiff in that case could make out claims against the store manager for negligence and premises liability. Next, Plaintiff cites *Lagarde v. Automatic Data Processing*, No. SACV 08-0648 AG (ANx), 2008 U.S. Dist. LEXIS 127068, 2008 WL 11339928 (C.D. Cal. Aug. 4, 2008). *Lagarde* was a case in which a plaintiff had alleged discrimination, harassment, and retaliation in the workplace. After reviewing the relevant California law, the court found that the California Fair Housing and Employment Act allowed for individual supervisors to be held liable for harassment. *Id.* at *6–7. Therefore, the plaintiff in that case could possibly make out a harassment claim against her supervisor, who was alleged to be a sham defendant. *Id.* Accordingly, the case was remanded. Both cases support Plaintiff's position that, if a tort can be made out against an employee, then they are not a sham defendant regardless of whether the tort was committed in the course of their employment.

To refute this position, Defendant cites *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) ("It is well established that, unless an agent or employee acts as a dual agent . . . she cannot be held individually liable as a defendant unless she acts for her own personal advantage."). Some district courts have embraced this broad reading of *Mercado*. *See Asare-Antwi v. Fargo*, No. SACV 19-00887 JVS (KESx), 2019 U.S. Dist. LEXIS 117546, at *10 (C.D. Cal. July 15, 2019). However, other district courts have not read *Mercado* as broadly as Defendant urges. *See Celestino*, 2023 U.S. Dist. LEXIS 93031, at *4 ("[I]t is not clear that *Mercado* precludes employee liability for tort-based claims, particularly outside the insurance context."); *see also Young v. Olympus Am., Inc.*, No. CV 15-02302 BRO (JCx), 2015 U.S.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08654-SVW-RAO | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Steven A. Schuman v. Citibank N.A. et al.* | | |

Dist. LEXIS 70712, 2015 WL 3466305, at *9 (C.D. Cal. June 1, 2015) (remanding tort claims against employees because "*Mercado*'s reasoning is . . . tied to the insurance context and inapplicable to this case"). Because uncertainties are to be resolved in favor of remand, the Court adopts the narrow reading of *Mercado* which cabins its rule to the insurance context. Accordingly, if a California court could find that Tyre-Karp's actions constituted a tort, then a California court could find Tyre-Karp liable for his actions regardless of whether they were made in the scope of his employment. *See Pac. Maritime Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1089 (N.D. Cal. 2003) ("Disputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." (citing *Gaus*, 980 F.2d at 566)). Accordingly, the Court is not persuaded by the cases Defendants have cited that have used *Mercado* to find fraudulent joinder of employees. *See* Defs. Opp. to Pl's Mot. for Remand 11, ECF No. 18. And even if the Court did adopt the broader reading of *Mercado*, it would still be possible for Plaintiff to plead a claim that Tyre-Karp had committed a tort acting in his own interest; in fact, this is Plaintiff's position. *See* Pl.'s Reply in Supp. of Mot. to Remand 3–4, ECF No. 20 ("Tyre-Karp admits that he had a financial stake in the transaction, and thus he is personally liable.").

Much of Defendants' opposition is focused on the fact that Plaintiff failed to state a claim against Tyre-Karp. Defs. Opp. to Pl's Mot. for Remand 5–8, ECF No. 18. But as Defendants concede, "Plaintiff's failure to state a cause of action does not by itself establish that Tyre-Karp was fraudulently joined, of course." *Id.* at 8. While these arguments that Plaintiff has failed to state a claim against Tyre-Karp are strong, they risk conflating Defendants' "pending Rule 12(b)(6) motion [ECF No. 10] with their removal on the grounds of fraudulent joinder is misplaced." Pl.s' Mot. to Remand, ECF No. 15. These lines of inquiry are discrete. This same reasoning applies to Defendants' arguments that Plaintiff is not entitled to a fishing expedition to support his claims. Defs. Opp. to Pl's Mot. for Remand 11–12, ECF No. 18. That argument is better raised on a motion to dismiss. Defendants have not carried their 'heavy burden' of showing that it is impossible that Plaintiff could make out a claim against Tyre-Karp. For that reason, remand is appropriate here.

### B. Plaintiff's Request for Attorneys' Fees Is Denied

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08654-SVW-RAO | Date | December 20, 2023 |
|---|---|---|---|
| Title | *Steven A. Schuman v. Citibank N.A. et al.* | | |

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendants had a reasonable basis for removing this case to federal court. While the Court has decided in favor of remand, Defendants cited cases that showed persuasive support for their position. In fact, the split in how district courts have handled similar questions reveals that it was reasonable for Defendants to attempt to remove this case. Plaintiff's contention that Citibank is a well-resourced party is irrelevant to the rule outlined by the Supreme Court in *Martin*. Pl.'s Mot. for Remand 15, ECF No. 15.

### IV. Conclusion

For the foregoing reasons, the court GRANTS Plaintiff's motion to remand to the Superior Court of the State of California for the County of Los Angeles. Plaintiff's request for attorneys' fees is DENIED. All previously set dates are hereby vacated and off-calendar.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |